CATTARAUGUS COUNTY.—HON. ALFRED SPRING,
SURROGATE.—August, 1883.

HARRISON v. JEWELL.

*In the matter of the judicial settlement of the account
of* PARDON JEWELL, *as executor of the will of*
ROBERT HARRISON, *deceased.*

The rule of construction whereby, of two clauses in a last will, which are in diametric opposition, the later is made to control, as indicating a subsequent intent on the part of testator, is a harsh and drastic one, and to be applied only as a last resort, where the clauses are totally irreconcilable, and the testator's intention cannot be spelled out in any other way.

Testator, by his will, bequeathed "two hundred dollars in money" to his daughter J., and, in a subsequent clause, devised and bequeathed "all" of his property, real and personal, to his five children, "to be divided among them, share and share alike."—

*Held,* upon a view of the general tenor of the will, and the situation of the parties, that the word "all," in the later clause, should be construed to mean "all the residue," and that the first mentioned pecuniary legacy must be sustained.

Roseboom v. Roseboom, 81 *N. Y.*, 356—compared.

CONSTRUCTION of decedent's will, on the judicial settlement of the account of the executor thereof. An objection to the account was filed in behalf of Mark Harrison, one of the residuary legatees under the will. The facts appear sufficiently in the opinion.

J. H. WARING, *for executor.*

G. M. RIDER, *for objector.*

THE SURROGATE.—This contest, so far as it relates to a failure on the part of the executor to account for all the property of testator, extends only to a very few items and those of a trivial character. The executor

seems to have managed the estate intrusted to him with discretion and good judgment, and the opposition affecting the management of the property is wholly without merit.

The chief feature of the contest, however, hinges upon a construction of the will. The testator, in his will, first vests a life estate in his property in his wife ; then wills "two hundred dollars in money," with certain other specific items of property, to his daughter, Julia Harrison. Lastly he gives, devises, and bequeaths "all of his property," real and personal, to his five children "to be divided among them share and share alike."

Pursuant to the bequest in the will, to Julia Harrison, of two hundred dollars, the executor paid to her that sum, and that item in his account is objected to.

Counsel for contestant claims that the provisions of the will are irreconcilable, and that the final disposition of his property, as contained in the last clause of the will, must control, to the exclusion of the previous paragraphs thereof.

The fundamental principle in the construction of wills is to ascertain, if possible, the intention of testator and to carry out and give effect thereto when found (1 Redf. on Wills, *432*, *433 ;* Hoxie v. Hoxie, *7 Paige*, *187*, *193 ;* Christie v. Phyfe, *19 N. Y.*, *344*).

If the two clauses are in diametric opposition, the latter must control, as indicating a subsequent intention of testator, unless a contrary conclusion can be gathered from the general tenor of the will (Christie v. Phyfe, *supra*, *p. 348 ;* Van Nostrand v. Moore, *52 N. Y.*, *12–20*).

This rule is a harsh and drastic one, and is resorted to only when the clauses of the will are totally irreconcilable, and the intention of testator can be spelled out in no other way (Case last cited; Trustees v. Kellogg, *16 N. Y., 83; see page 88*).

In the case under consideration, to invoke the aid of this technical and far-fetched rule, we must nullify every clause of the will, except the residuary one.   The devise and bequest to the wife of testator, and the bequest to his daughter, would each be rendered nugatory by the interpretation put upon the will, if the learned counsel's theory is true.   The general tenor of the will, the fact that his wife is the devisee and legatee in the first clauses thereof, testator's particular enumeration of the various items of property he wished to pass to his daughter Julia, who of all his children was the only one who lived with him in his declining years; are, each and all, circumstances inconsistent with the notion that testator subsequently changed his intention, and concluded to nullify these provisions.

Clearly, the testator intended to will "all" his *remaining* property, "to be equally divided among his five children."

In Roseboom v. Roseboom (*81 N. Y., 356*), the court, in construing a will in many respects identical with the one under consideration, say at page 358: "The word 'all' is relied upon as creating an ambiguity. If the testator had said, 'all my remaining property,' no one would doubt but that the devise under the first clause, was absolute.   That is I think, the true construction."   That case is decisive of the present one. The cases cited by counsel for contestant, are those

where, the two clauses are wholly irreconcilable, and either the will must have been declared void *in toto*, or the rule of construction commented upon be invoked, and even then, it was done with manifest reluctance.

There is no occasion as we have seen, in the case at bar, for the elimination of all the will, preceding the residuary clause.

The account must be allowed as filed, with twenty dollars costs against contestant personally, as he has wholly failed in his contest; and a decree will be entered accordingly.