EUGENIA A. RICE, Respondent, *v.* HETTY J. BARRETT et al.

JOHN J. MURRAY et al., Purchasers, Appellants

A sale under judgment in a partition suit was made January 22, 1884, the purchasers to have possession in February. They refused to take a conveyance, on the ground that the summons had not been served upon

certain infant defendants. Plaintiff thereupon on application to the court obtained leave to file a supplemental complaint and bring in said defendants by proper service; this was done, and on April 24, 1884, a judgment was rendered, making the first judgment and the sale under it binding upon all the parties. Meanwhile, no action was taken by the purchasers to be relieved from the sale, but they had no connection with the subsequent proceedings. On motion to compel them to complete the sale, *held,* that they were discharged from any obligation by the delay in perfecting the title.

A purchaser at a partition sale is, under ordinary circumstances, entitled to the conveyance of a good title at the time fixed by the agreement, and an unreasonable delay in furnishing the same is a sufficient answer to an application to compel him to take a conveyance.

(Argued June 21, 1885; decided June 23, 1885.)

APPEAL from orders of the General Term of the Supreme Court, in the second judicial department, made February 12, 1885, which reversed orders of Special Term, denying motions on the part of plaintiff to compel John J. Murray and others, purchasers, to complete their purchases, and relieving them from such purchases. The General Term orders required said purchasers to complete their respective purchases. (Mem. of decision below, 35 *Hun,* 366.)

*John H. Bergen* and *Edward C. Boardman* for appellants. If there were defects in the title, or irregularities in the proceedings, which could be cured at the time for carrying out, the purchasers would not be relieved on account of such defects; but they could not be held to await the determination of what is practically a new action. (*People* v. *Open Board,* 92 N. Y. 98.) A purchaser at a judicial sale will not be compelled to take a title where there is a reasonable doubt as to its validity. (*Jordan* v. *Poillon,* 77 N. Y. 518; *Argall* v. *Raynor,* 20 Hun, 267; *Shriver* v. *Shriver,* 86 N. Y. 575.) A judgment and sale, which are void when made, cannot be made good by any act done afterward. (*Litchfield* v. *Bundell,* 5 How. Pr. 341.) The plaintiff having, concededly, failed to bring the infant defendants within the jurisdiction of the court, under the original judgment and sale thereunder, her subsequent proceeding,

whereby she seeks to bind them by a new judgment, are in-
effectual, null and void. (*Litchfield* v. *Bundell*, 5 How. Pr.
341; *Roger* v. *McLean*, 34 N. Y. 536.) The purchasers were
entitled to a good title, under the decree and sale of which
they bought, and were not bound to await the determination
of what is practically a new action and a new judgment.
(*People* v. *Open Board*, 92 N. Y. 98.) A purchaser at a
judicial sale will not be compelled to take a title when there
is a reasonable doubt as to the validity of the title. (*Jordan*
v. *Poillon*, 77 N. Y. 518; *Argall* v. *Raynor*, 20 Hun, 267;
*Shriver* v. *Shriver*, 85 N. Y. 575.)

*Joshua M. Van Cott* for respondent.

MILLER, J. The sale under the decree in partition in this
case was made on the 22d day of January, 1884. The appel-
lants, Murray, Phelan and Mander, who were severally pur-
chasers upon the sale, objected to taking a deed of the prem-
ises, upon the ground that the referee could not give a good
title thereto, for the reason that the infant defendants had not
been brought before the court by a proper service although
they had appeared by *guardians ad litem.*

The plaintiff applied to the court and obtained leave to file
a supplemental complaint and bring the defendants in by a
proper service, and such proceedings were had that a judgment
was rendered on the 21st of April, 1884, making the interloc-
utory judgment and the sale binding upon all the parties. In
the mean time no action was taken by the appellants to be re-
lieved from the sale.

It will be seen that a delay was made in furnishing a good
title for a period of about three months after the sale had been
made, and on the 17th of May, 1884, a motion was made to
compel the purchasers to complete the sale. The appellants
claim that by the delay in obtaining a decree which would
perfect the title, they were exonerated from completing the
sale. It appears from the appeal papers that the purchas-
ers were to have possession in the month of February, and

that in reference to two of them, by reason of the delay, the premises were not rented for the succeeding year, and they were thus deprived of the benefit to be derived from the occupation of tenants and the payment of rent. We think that the delay thus made discharged the purchasers from any obligation to take title. The terms of the sale were not complied with by the respondent, and the delay was not occasioned by any fault on the part of the purchasers. For aught that appears, they were ready and willing to fulfill according to their agreement, and it was only the failure of title that prevented a compliance by them with its terms.

Under ordinary circumstances, a purchaser at a partition sale is entitled to a conveyance by a good title at the time fixed for that purpose, and an unreasonable delay in furnishing the same is a sufficient answer to an application to compel him to take a conveyance and fulfill the terms of sale. His right to such a conveyance is fixed by the agreement, and when there is a failure within a reasonable time to fulfill the same by a proper and valid deed, he is discharged from liability. The delay of the seller for three months to perform the contract was a sufficient excuse for refusing to comply with its terms after the expiration of that time. The purchasers were not bound to wait so long, and it matters not whether they sustained the injury by the delay or otherwise. The seller was bound to furnish a good title, and when he failed to do that, it did not rest with him to say that he would supply the defect thereafter, as might suit his convenience.

Under the circumstances presented by the record before us, the question does not arise whether time was of the essence of the contract. The delay here is for too great a period to authorize the application of this principle.

There is no proof that the purchasers acquiesced in waiting to allow the respondent to perfect the title. They had no connection with the proceedings instituted and prosecuted for that purpose. They were not parties in the action and had nothing to do with the steps which were taken, after the sale was had, to remedy the difficulty. It does not appear that they

had any knowledge of what was done, and they were not in a position to object to or take part in the proceedings. They could not be regarded as acquiescing in a proceeding to which they were not parties and of which they had no notice. Their silence cannot, in any sense, be considered as acquiescence in what was done.

For the reasons stated, without considering the other questions, we think the order of the General Term should be reversed, and that of the Special Term affirmed, with costs.

All concur, except EARL, J., not voting, and FINCH, J., dissenting.

Ordered accordingly.