EUGENIA A. RICE, Respondent, v. HETTY J. BARRETT et al., ANN HAUGHIAN et al., Purchasers, Appellants.

By the will of B. and a codicil thereto his residuary estate was left in trust for the benefit of his children and grandchildren, the interest thereon to be invested and kept together for ten years after the death of the testator, at which time the estate was directed to be divided; the portions given to his children "to be held for and during their natural lives, respectively;" remainder to their children. *Held*, that the trust was in contravention of the statute prohibiting a suspension of the power of alienation for a longer period than during two lives in being at the creation of the estate (1 R. S. 723, § 15); and as the accumulated fund furnished the only support for the devises subsequently made, the whole scheme of distribution failed, and the title to the residuary real estate upon the death of the testator vested in his heirs at law, as in case of intestacy.

(Argued March 16, 1886; decided April 13, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made February 10, 1886, which affirmed an order of Special Term requiring Ann Haughian and another, as assignees of Charles P. Haughian,

purchaser at a partition sale herein, to complete the purchase. This they refused to do because of alleged defects in the title. The facts pertinent to the questions discussed are stated in the opinion.

*N. B. Sanborn* for Haughian and others, appellants.

*Joseph A. Burr, Jr.*, for Shultz and others, appellants. Though the will does not in express terms direct the executors to collect rents and profits during the continuance of the trust estate, yet there is a necessity for so doing implied, and, consequently, the trust is a good one. (*Savage* v. *Burnham*, 17 N. Y. 561; *Tobias* v. *Ketchum*, 32 id. 319.) The statute of perpetuities is not violated because there is no portion of the estate where the power of alienation is suspended for more than one life; that is, the life of the child for whose benefit the provision is made. (*Crook* v. *County of Kings*, 97 N. Y. 437; *Provost* v. *Provost*, 70 id. 141.)

*Joshua M. Van Cott* for respondent.

DANFORTH, J. After our decision upon a former appeal in this case (99 N. Y. 403), the sale then under review and subsequent proceedings were vacated and a resale ordered. This was had on the 15th of October, 1885, and one Charles P. Haughian became the purchaser of one of the houses and lots. He assigned his bid to Ann Haughian and Margaret Haughian. They alleged defects in the title and refused to complete their purchase. Upon motion, the court at Special Term required them to do so. The General Term affirmed the order, and in that decision we concur. It is well settled that one who buys at a judicial sale may demand a title, free from any reasonable doubt, as condition precedent to the completion of his purchase. (*Jordan* v. *Poillon*, 77 N. Y. 518; *People* v. *Board Stock Brokers, etc.*, 92 id. 98.) Here the sale was in partition, and the appellants contend that the procedure in the action was such as to leave them to the hazard of a contest with persons who, as the devisees of the common ancestor, had an interest

in the premises and should have been parties to the action, but by reason of certain irregularities in its preliminary stages, were not properly brought in and so are not to be bound by the judgment.

On the other hand, the respondent insists that these persons were not necessary parties, and that it is of no consequence whether the steps taken against them were effective or not. We shall, therefore, confine our inquiry to the respondent's proposition. Jacob Barrett was the common source of title. He died leaving a will and testament, the residuary clause of which includes the premises sought to be partitioned, and is in these words : "All the rest and residue of my estate, both real and personal, of whatsoever character and kind, I leave in trust of my executors for the benefit of my children and grandchildren, the interest of all such property to be invested in safe securities and kept together until twenty (20) years after my death, and at that time it is my will and desire that the final division of my estate shall take place, according to the tenor and meaning of this my last will among my surviving children, the child or children of either of my children who may have departed this life previous to this distribution standing in the places of such deceased parent."

By a codicil he says : "The final division of my estate shall take place among my surviving children at the period of ten years after my death, instead of twenty years as specified in my said will, and that at such time the amounts devised to my children be first equalized, and the residue divided as therein directed. I do further direct that the portions of my estate left to all of my children shall be subject to the following trust, to-wit : In trust to them for life, and after their death to such children as they may leave surviving, the child or children of any deceased child to take such share as his, her or their parent would have taken if alive. And in case there should be no such child or children, grandchild or grandchildren, then the same to revert to my estate, and become devisable as a part of the residue of my estate."

The will itself, so far as is not inconsistent with the codicil, is by it confirmed, and directs that the property given by the

testator to his children, whether by special devise or as part of the residue, "shall be held by them for and during their natural lives respectively," and the testator also says:

"It is my further will and desire that should any of my children depart this life, leaving no child or children surviving him or her, or should the child or children left surviving by any of my children departing this life shall so depart this life before attaining the age of twenty-one (21) years, or marriage, the property devised to such child or children shall revert to my estate, and shall become devisable as a part of my estate and subject to the same conditions as the residue of my estate."

From these words it is apparent that the testator intended that his residuary estate should remain in the hands of his executors for the simple purpose of accumulation for the period of ten years after his death. The trust is not made determinable with or within any two ascertained lives, nor is it limited by life, but during the whole of that fixed term the estate is inalienable "though all mankind should join in the conveyance." The direction concerning it is, therefore, in violation of the statute which in terms prohibits such suspension "by any limitation or condition whatever, for a longer period than during two lives in being at the creation of the estate." (1 R. S., tit. 2, pt. 11, chap. 1, p. 723, § 15 ; *Hone's Ex'rs* v. *Van Schaick*, 20 Wend. 564.) It is also apparent that this accumulated fund will furnish the only support for the devises subsequently made, under which alone the appellants claim. It follows, therefore, that the scheme of distribution must fail, without regard to other difficulties discussed by the learned counsel for the respondent. Such was the judgment in partition, and it was thereby properly declared that the residuary clause was void, that the title to the lands and premises therein included, vested in the heirs at law of the testator as though he had died intestate. All those persons were brought in, either as parties to the original complaint in partition, or by supplemental complaint. Those brought in by supplementary proceedings, although infants, were bound by the judgment, against the validity of which they failed to show cause.

Some other objections are urged in behalf of the above-named purchasers, and in behalf of appellants, Schultz and others, who separately appeal, but they seem unimportant and in no way affect the title to the property in question. We think, therefore, that the appeals must fail, and the order appealed from be affirmed, with one bill of costs in this court to be paid to the respondent's attorney.

All concur.

Order affirmed.