## TERRY v. WESTING.

### (*Supreme Court, General Term, First Department.* March 29, 1889.)

VENDOR AND VENDEE—DEFECTIVE TITLE.

Defendant agreed to purchase from plaintiff premises to be used, as plaintiff knew, in the manufacture of iron railings. A deed in the chain of title covenanted that the grantees therein should not "carry on any trade or occupation which may be dangerous or offensive, or which may prove a nuisance to the neighboring inhabitants," and that the same covenant should be inserted in any subsequent deeds. *Held* such a defect in the title as to excuse defendant from performing his contract.

Appeal from special term, New York county.

Action by Edmund Terry against David A. W. T. Westing, to enforce specific performance of contract by defendant to purchase real estate. The complaint was dismissed, and judgment entered for defendant for $55.50 costs. Plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*George W. Streeter*, for appellant. *Charles Unangst*, for respondent.

BRADY, J. On the 21st of April, 1888, the plaintiff sold to the defendant certain premises situated in this city for the sum of $11,000. The written contract provided that on or before the 7th of May, 1888, the plaintiff should, on receiving payment of the sum mentioned, deliver a proper deed, conveying to the defendant the premises mentioned, free and clear from all incumbrances except a certain mortgage. The premises were purchased by the defendant for the purpose of manufacturing iron railings, which was made known to the plaintiff, and was well understood by him before the contract was executed. At that time, and for many years before, the building upon

the premises have been occupied as a dwelling-house. Upon examination of the title a restriction as to the use of the premises was found in a deed of George Rapalje and wife to Thomas Wilson and Andrew Little, recorded in the register's office of this city on the 8th day of January, 1835. That restriction was as follows: "And the said parties of the second part hereby covenant not to erect any building, or carry on any trade or occupation, which may be dangerous or offensive, or which may prove a nuisance to the neighboring inhabitants; and if the said parties of the second part shall hereafter sell or convey the said lots, or any one or more of them, that they will insert in the deed or deeds of conveyance thereof all and the same covenants contained in these presents. And in case the said covenant is duly observed, that then the said George Rapalje will warrant and defend the above-granted premises in the quiet and peaceable possession of the said parties of the second part, their heirs and assigns, forever." And by its terms it required, as will have been seen, that upon a sale by the grantees they covenanted to insert in the deed of conveyance the same restriction, and it may therefore be regarded as a covenant running with the land. On account of this restriction the defendant refused to complete the purchase, and justifiably.

An "incumbrance" is defined to be an interest in or chargeable on land, which may subsist in, or in favor of, a third person consistently with a transfer of the fee, but diminishes the value of the estate to the occupant. It is an estate, interest, or right in lands, diminishing their value to the general owner; a paramount right in or weight upon the land, which may lessen its value. And again, an incumbrance within the terms of the covenant is said to be every right to or interest in the land to the diminution of its value, but consistent with the passage of the fee by the conveyance. *Newcomb* v. *Fiedler,* 24 Ohio St. 463; 1 Abb. Law Dict. 595; 3 Washb. Real Prop. (5th Ed.) 491; Rawle, Cov. (5th Ed.) § 95; Bouv. Law Dict. There can be little doubt, upon authority and upon principle, that any condition or covenant applicable to the land purchased which prevents its full and free enjoyment and affects its value becomes an incumbrance. Therefore any restriction as to the right to use the land for any and all legal purposes is an incumbrance, and one which must necessarily affect the land in its value. It may be said in addition that it was the duty of the plaintiff to have advised the defendant of the existence of the restrictive use of the land, which was accomplished by the covenant to which reference has been made, which would have been the fairer as well as the better mode of dealing with him for the sale of it. Aside from these considerations it is now very well established as a rule of law in this state that a title which is open to reasonable doubt is not a marketable one. *Fleming* v. *Burnham,* 100 N. Y. 1–10, 2 N E. Rep. 905; *Shriver* v. *Shriver,* 86 N. Y. 575; *Jordan* v. *Poillon,* 77 N. Y. 518; *Rice* v. *Barrett,* 102 N. Y. 161, 6 N. E. Rep. 898.

It is contended on behalf of the appellant that the restrictive covenant is a personal one only; but this is clearly erroneous. In the case of *Gibert* v. *Peteler,* 38 N. Y. 165, it was held, where a deed contained a covenant that the grantee would not erect or suffer to be erected a certain structure, and in case of a breach the premises to be forfeited, that the language was as positive as could be employed, making the land described an estate upon condition, and that the purchaser from a subsequent owner of land so granted, who agreed with another to convey the same to him with a clear title, was not bound to accept the title incumbered with these restrictions. It was said in the course of the opinion: "No principle is better established now than that even under a mere covenant in a deed providing against certain constructions which may be noxious or offensive to neighboring inhabitants, on the breach of the covenant those who have suffered from it, though not parties to the deed, will be afforded relief in equity." "The books abound with cases of this kind," it was also said. And in *Hodge* v. *Sloan,* 107 N. Y. 244, 17 N. E. Rep. 335,

it was held that if a grantee binds himself by a covenant in his deed, limiting the use of the land in a particular manner, so as not to interfere with the trade or business of the grantor, and the covenant is valid as between the parties, it is also binding upon, and may be enforced against, the grantee of the covenantor taking title with notice of the restriction, and this although assignees of the covenantor are not mentioned or referred to. It is not necessary that the covenant should be one running technically with the land. It is sufficient if the purchaser has notice of it. The court, in the course of the opinion of DANFORTH, J., treats the question under consideration, and cites several cases. One of them is *Trustees, etc.*, v. *Lynch*, 70 N. Y. 444. That was an action brought to restrain the carrying on of a business on certain premises in this city, of which defendant was the owner, upon the ground that the premises were subject to a covenant reserving the property exclusively for a dwelling-house. The court below held that the covenant did not run with the land. The court of appeals, however, reversed that judgment, and held it to be binding upon the subsequent grantee, with notice, as well as upon the original covenantor; and said that the restraint might be against the use of premises for one or another particular purpose, as that no building thereon should be used for the sale of ale, beer, spirits, etc., and it was said that a man might covenant not to erect a mill on his own lands. And, further, the court said in *Hodge* v. *Sloan:* "Indeed, it seems well settled by authority that a personal obligation [not to erect certain buildings named] so insisted upon by a grantor and assumed by a grantee, which is a restriction as to the use of the land, might be enforced in equity against the grantee and subsequent purchasers with notice." It is only necessary, in conclusion, to say that the restrictive covenant presented for consideration in this case is broad and comprehensive. After stating what was not to be done, it is said: "And in case the said covenant is duly observed, then the grantor will warrant and defend the above-granted premises in the quiet and peaceable possession of the parties of the second part, their heirs and assigns, forever," thus making the covenant of warranty dependent upon the observance of the restrictive covenant. It is not deemed necessary to consider this case further, but to hold that the disposition that was made in the court below was correct, and that it should be affirmed, with costs. All concur.