54 93<br>125a 506

WILLIAM B. GREENE, Appellant, v. JOHN B. GREENE
and Others, Respondents.

*Will — gift of property to be held for six years and charged with the payment of legacies — when it creates a tenancy in common and not a trust.*

A testator, by his will, gave all the residue of his estate to his three sons, as trustees, to carry out the provisions of the will, by which he directed as follows: "I declare it to be my will and I direct, that my said trustees shall take and hold my said property and estate, and the whole thereof (except the said Ohio tracts and my said house and lot on Niagara square) for the period of six years from and after my decease, the estate being chargeable with the foregoing bequests and legacies. * * * After the payment of said legacies the said property and estate shall be managed for the joint benefit of my said three sons, John B. Greene, Harry B. Greene and Samuel B. Greene, who shall annually render to each other a just and full statement of the rents, issues and profits, and all transactions relating to said property and estate. During this period of six years the said

trustees, my said three sons, shall not, nor shall either of them, sell, alienate, mortgage, incumber or dispose of, or contract to sell, alienate or dispose of, the lands and premises now owned by me and situated on Main, North Division and Washington streets, or any part or parcel thereof, or any share or interest therein; but any or all of my other real estate not hereinbefore specifically devised I give my said trustees power to sell, convey and dispose of on condition that the proceeds of such sale or sales, or the securities taken thereon, shall not be distributed between them until the expiration of the said period of six years, but shall be kept by them unless it becomes necessary to use the same for the purpose of paying off the legacies before mentioned, in which contingency they are authorized to resort to such proceeds and securities."

The will further provided that no partition or division of the estate devised to the sons should be made until the expiration of said term of six years, and that if either son attempted to do so he should forfeit all interest in the estate; that, at the expiration of said period of six years, the rest and residue of the estate remaining after the payment of the legacies and debts should belong to the three sons, their heirs and assigns, forever.

*Held*, that the sons took the title to the real estate, not as trustees, but as tenants in common.

That they were entitled to receive the rents and profits thereof for their own use and benefit, and were, to all intents and purposes, absolute owners of the property, subject only to the general charge upon the real estate of the payment of the legacies and to the power to mortgage the same for a like purpose.

That no trust was created, except by way of mortgaging the real estate, for the payment of the legacies, although all the legacies were made a charge upon the real estate.

*Rice* v. *Barrett* (102 N. Y., 161) distinguished.

APPEAL from so much of the judgment entered, upon the decision of the Erie Equity Term of March 1889, in the Erie county clerk's office March 29, 1889, as dismissed the plaintiff's complaint in respect to the first cause of action, and as to so much of the third cause of action as affected the premises described in the sixth paragraph of the complaint. No other portion of the judgment which affected the rights of these parties in regard to other real estate than that embraced in the sixth subdivision of the complaint (relating to land on Main street, in the city of Buffalo), was appealed from.

The action was brought for the partition of certain real estate in the city of Buffalo, situated on the corner of Main, North Division and Washington streets, being fifty feet on Main street, 100 feet on North Division street and twenty-nine and one-half feet on Washington street.

*T. M. Tyng,* for the appellant.

*Sherman S. Rogers,* for the respondent.

MACOMBER, J. :

So much of the action as resulted in the judgment appealed from is brought in pursuance of section 1537 of the Code of Civil Procedure, which permits an heir of a person dying while holding and in possession of the real property to maintain an action for the partition thereof, whether he is in or out of possession, notwithstanding an apparent devise thereof to another by the decedent and possession under such devise.

The plaintiff claims as one of the children and heirs-at-law of William H. Greene. He bases his right upon an alleged invalidity of the clauses of the will of his father, which attempted to devise the property in question wholly to other persons than himself. By the will of William H. Greene, which bears date the 17th day of September, 1881, after the direction of the payment of debts, the testator devised the homestead and personal property on Niagara square, in the city of Buffalo, to his wife. By clauses three and four he devised to his sister certain lands in Ohio, with remainder to the plaintiff. By the fifth clause he gave all the residue of his estate, including the premises in question, to his three sons, the defendants, John B. Greene, Harry B. Greene and Samuel B. Greene, as trustees to carry out the provisions of the will. These persons were also appointed as executors of the will. He directed these so-called trustees, by the provision of the will from clause six to clause thirteen, inclusive, to pay over certain moneys to certain persons, but these clauses are not of any materiality on this appeal. The residue of the will is as follows:

"Article 14. I declare it to be my will, and I direct that my said trustees shall take and hold my said property and estate and the whole thereof (except the said Ohio tracts and my said house and lot on Niagara square), for the period of six years from and after my decease, the estate being chargeable with the payment of the foregoing bequests and legacies, and it being, as I now believe, with the moneyed securities on hand, and with prudent management, amply sufficient to pay said legacies in full, together with the taxes,

repairs and insurance on my real property, so that at the expiration of said period the residue of said real estate, not hereinbefore devised, should remain unincumbered and intact. After the payment of said legacies the said property and estate shall be managed for the joint benefit of my said three sons, John B. Greene, Harry B. Greene and Samuel B. Greene, who shall annually render to each other a just and full statement of the rents, issues and profits, and all transactions relating to said property and estate.

"During this period of six years said trustees, my said three sons, shall not, nor shall either of them, sell, alienate mortgage, incumber or dispose of, or contract to sell, alienate or dispose of the lands and premises now owned by me and situated on Main, North Division and Washington streets, or any part or parcel thereof, or any share or interest therein, but any or all of my other real estate not hereinbefore specifically devised I give my said trustees power to sell, convey and dispose of, on condition that the proceeds of such sale or sales, or the securities taken thereon, shall not be distributed or divided between them until the expiration of the said period of six years, but shall be kept by them, unless it becomes necessary to use the same, for the purpose of paying off the legatees afore-mentioned, in which contingency they are authorized to resort to such proceeds and securities.

"And I do will and enjoin that no partition or division of my estate, so devised and bequeathed to my said three sons in trust as aforesaid, shall be made, or attempted to be made, until the expiration of said term of six years; and that in case either of my said three sons shall attempt so to do, or to defeat or contravene the terms and intent and conditions of this trust, he shall forfeit all interest, right, title or property in my estate.

" 15. At the expiration of said period of six years, the rest and residue of my said estate, real and personal, remaining after the payment of said legacies and debts, shall belong to my said three sons, John B. Greene, Harry B. Geene and Samuel B. Greene, share and share alike, their heirs and assigns forever.

" 16. (Explanatory and qualifying clause.) In the plight of the estate as at present situated, a partition would be detrimental to my said three sons. In the present condition and aspect of affairs, the moneyed securities, together with the moneys on hand, would

nearly suffice to pay off and discharge all the legacies and leave the real estate in the hands of my said three sons unincumbered. Of course, if I live some years longer, this view of the estate may be changed, but probably not in a manner to weaken it. At any time, in case an exigency should require it, I am willing, and do authorize my said three sons to mortgage the real estate, in order to pay off and discharge said legacies, although I cannot now anticipate any necessity for so doing."

The testator died on the 22d day of April, 1882. He was a lawyer of long and extensive practice, yet he has left a will the construction of which is difficult and doubtful. In behalf of the plaintiff it is contended that the estate which was so devised to the three younger sons was merely in expectancy, and the possession of that postponed to a future period, thus constituting it a future estate, and was limited to commence only at the expiration of six years from the death of the testator; that during such six years the legal title to the estate was not vested in any person capable of alienating the same, and that, therefore, during those years an attempt has been made, by will, to suspend the power of alienation of the real estate in contravention of the statutes against perpetuities. (1 R. S., 723, § 15.) Consequently, it is contended that this property, after the payment of the debts and legacies, is, in law, deemed undisposed of and must descend to the heirs-at-law.

The testator manifestly intended that the land in controversy should ultimately go to these three sons. This intention, however, cannot prevail if he has attempted to carry the same into effect by means of an illegal trust unknown to the Revised Statutes, and the general scheme of the will is dependent thereon. The question, therefore, is whether or not the title of the three sons, to whom this property was attempted to be given, is dependent upon what it is argued by the appellant's counsel was the purpose of the testator, namely, that the title of the same should remain in them during such period, not as devisees but as trustees, thus suspending the power of alienation. The learned judge, at the Special Term, in his opinion, says that certain sentences from the fifth clause and others from the fifteenth clause of the will indicate that it was his intention to vest the title during the period of six years in them as

trustees, and thus suspend the power of alienation for that time, though from other portions of the will he arrives at a different conclusion. Was there a trust, in fact, created by the terms of this will for any purpose? It does not seem to us that a trust was created for the payment of legacies except by way of mortgaging the real estate under the last sentence of the will, though clearly enough all of the legacies are made a charge upon the real estate, including this portion of it. Nor was there any trust created for the collection and paying over of the rents and profits of this real estate. The rents and profits all belonged to these three sons. It is true that they were required to account to each other by the terms of the will for the amount thereof which they should respectively receive, yet this is no more than a declaration of the testator of a familiar rule of law governing tenants in common of real estate.

There is undoubtedly contained in the will strong expressions of a desire that these lands should not be alienated or partitioned or anything done with them, except as they might be charged with the payment of debts, but this by no means prevents the immediate vesting of the title of the lands in the devisees. The primary purpose of the testator being apparent, which was to vest the whole of this property in these three beneficiaries, not as a mere remainder depending upon an illegal future estate, but absolutely, we can safely, without doing violence to the terms of the will, reject as merely advisory only all clauses or expressions from which it is argued that an illegal trust was created for a period of six years. Indeed, the testator himself, by imposing a penalty upon either of his sons who should attempt to partition or divide the lands, seems not to have supposed that he had suspended the power of alienation for any length of time. This case is *sui generis;* and in the multitude of cases arising upon last wills that of *Rice* v. *Barrett* (102 N. Y., 161) is largely relied upon by the learned counsel for the appellant. But in that case the so-called trustees were not given personally the rents and profits of the real estate, as has been done in this instance, but were charged with the duty of receiving the interest upon the residuary estate, and investing the same and holding it for the benefit of certain persons other than those named as trustees in the will; and it was there held that the trust was in contravention of the statute, inasmuch as the accumulated fund furnished the only sup-

port for the devises subsequently made, and the whole scheme of distribution failed, and the title to the residuary real estate upon the death of the testator vested in his heirs-at-law as in the case of intestacy. In the case at bar, however, there was no trust save that given by virtue of the power to mortgage for the payment of legacies, inasmuch as the duty devolved upon the so-called trustees was to themselves only, and not to other persons. This gave them a legal estate in fee under the Revised Statutes (1 R. S., 727, § 47), which is as follows: " Every person who, by virtue of any grant, assignment or devise, now is or hereafter shall be entitled to the actual possession of lands, and the receipt of the rents and profits thereof in law or in equity, shall be deemed to have a legal estate therein of the same quality and duration and subject to the same conditions as his beneficial interest." (*Ring* v. *McCoun*, 10 N. Y., 271; *Downing* v. *Marshall*, 23 id., 379; *Adams* v. *Perry*, 43 id. 487.)

Upon the whole, we are of the opinion that it was not the intention of the testator to vest the title of the real estate in these persons as trustees, but in them as tenants in common, and that he intended that these sons should receive and enjoy the rents, issues and profits of the property for their own use and benefit, making them, to all intents and purposes, absolute owners of the property, subject only to the general charge upon the real estate of the payment of the legacies and the power to mortgage the same for a like purpose.

The judgment should be affirmed.

BARKER, P. J., and DWIGHT, J., concurred.

Judgment affirmed.