(13 Misc. Rep. 431.)

BRANDT v. BRANDT et al.

(Superior Court of New York City, Equity Term. June, 1895.)

1. WILLS—SUSPENDING POWER OF ALIENATION.
   A provision in a will that the executor shall receive the rents and profits of the estate, and deposit it in a savings bank, for a period of 10 years from the death of testatrix, for the benefit of a person of full age, is an unlawful suspension of the power of alienation.

2. SAME—EFFECT OF VOID CLAUSE.
   A void clause avoids the whole will, where such clause cannot be separated from the general scheme of the will without defeating testatrix's intention.

Action by Diedrich Brandt, as executor of the will of Antje Hargens, deceased, against Maria Brandt to obtain a construction of the will. Judgment for plaintiff.

Benjamin A. Jackson, for plaintiff.

C. J. McDermott, for infant defendants Elliott and Louisa M. Baur.

S. C. Carleton, for infant defendant C. G. P. Baur.

McADAM, J. Antje Hargens died in this city February 15, 1893, leaving a will of real estate and personalty, dated July 11, 1885, which has been duly admitted to probate. The first clause of the will directs the payment of the decedent's debts; the sixth, and last, nominates and appoints the executors. The other clauses are submitted for construction. The fourth paragraph, and the one on which the validity of the will depends, attempts to create a trust in the executors, to receive the rents, issues, and profits of the real and personal estate, and deposit said income in a savings bank until the expiration of 10 years from the death of the testatrix, when the trustees are authorized to sell the property, and divide the proceeds, as well as the moneys accumulated during the period named, among the children of the testatrix, except John G. H. Hargens, to whom a life estate in one small house is given by the second clause of the will. The accumulation is not for the benefit of a minor, but for persons of full age, and the power of alienation is not made to depend upon two lives in being at the creation of the estate, but is suspended for 10 years from its commencement. The suspension being for an absolute period, the disposition attempted to be made, and the trust the testatrix undertook to create, are unauthorized and void. 4 Rev. St. (8th. Ed.) p. 2434, § 37; Id. p. 2432, § 15; Id. p. 2437, § 55; Chapl. Suspen. § 91. In Rice v. Barrett, 102 N. Y. 161, 6 N. E. 898, the testator gave his residuary estate to trustees, to invest and keep invested in safe securities until 10 years after his death, at the expiration of which time the estate was to be divided among his children

and representatives of deceased children. The court said, at page 164, 102 N. Y., and page 898, 6 N. E.:

"It is apparent that the testator intended that his residuary estate should remain in the hands of his executors for the simple purpose of accumulation for the period of 10 years after his death. The trust is not made determinable with or within any two ascertained lives, nor is it limited by life, but during the whole of that fixed term it is inalienable. * * * The direction concerning it is, therefore, in violation of the statute, which in terms prohibits such suspension 'by any limitation or condition whatever, for a longer period than during two lives in being at the creation of the estate.'"

In Underwood v. Curtis, 127 N. Y. 538, 28 N. E. 585, it was held that the duration of the suspense in a trust of personal property, like a trust in real estate, must be founded on lives. No term of years, however short, will satisfy the statute. See, also, Schettler v. Smith, 41 N. Y. at page 335; Lewis, Perp. 170; Smith v. Edwards, 88 N. Y. 92; Cruikshank v. Home for the Friendless, 113 N. Y. 337, 21 N. E. 64. The construction of a will must depend upon the intention of the testator, to be ascertained from a full view of everything contained within the four corners of the instrument. Hoxie v. Hoxie, 7 Paige, 192. And, in determining the intention, "the testator must be deemed to have been ignorant of the illegality of the trust, and to have intended that it should be performed; and this precludes the presumption that he could have intended a different disposition of the property." Van Nostrand v. Moore, 52 N. Y. at page 22.

This leads us to consider the effect of the illegality of the fourth paragraph upon the other clauses of the will. These are made dependent upon the operation of the fourth as a valid trust and disposition of property. Indeed, with the fourth clause out the general scheme of the testatrix fails; and, as a result, no effect can be given to any dependent part of the will. Holmes v. Mead, 52 N. Y. 332. If the clauses were independent, some of them might be upheld. Van Schuyler v. Mulford, 59 N. Y. 426. But that is not this case. The testatrix had but one scheme in view, which could be effectuated only by carrying into effect all the provisions of the will, and the failure of the main provision frustrates her entire purpose. If the life estate given to John G. H. in the second clause were permitted to stand as an independent provision, he would (with the fourth clause avoided) take an interest in fee in the other realty of the testatrix, contrary to her intention, as expressed in said fourth paragraph. In Darling v. Rogers, 22 Wend. 495, the rule is stated that: "When a will is good in part and bad in part, the part otherwise valid is void if it works such a distribution of the estate as, from the whole testament taken together, was evidently never the design of the testator." In the Tilden Case, the court, referring to the rule that applies in certain cases where several trusts are created by a will, which are independent of each other, and each complete in itself, some legal and some illegal, that the illegal trusts may be cut off, and the legal permitted to stand, says:

"This rule can only be applied in aid and assistance of the manifest intent of the testator, and never where it would lead to a result contrary to the purpose of the will, or work injustice among the beneficiaries, or defeat the testator's scheme for the disposal of his property. The rule, as applied in all

reported cases, recognizes this limitation, that, when some of the trusts in a will are legal and some illegal, if they are so connected together as to constitute an entire scheme, so that the presumed wishes of the testator would be defeated if one portion was retained and other portions rejected, or if manifest injustice would result from such construction to the beneficiaries, or some of them, then all the trusts must be construed together, and all must be held illegal and must fall." Tilden v. Green, 130 N. Y. 50, 28 N. E. 880.

The same rule was applied in Benedict v. Webb, 98 N. Y. 460. There the testator created separate trusts in two-thirds of his estate for the benefit of his four children. Three of the trusts were held valid, but the fourth was declared void, the court saying:

"We should feel disposed to sustain the trusts in favor of the other children, except for the reason that to uphold those, while setting aside the trust in favor of Anna Augusta, would seriously interfere with the intention of the testator that all the children and their issue should share equally in his estate, and would produce great injustice. The result of sustaining the trusts in favor of the other children would be that each would take one-fourth share of the estate, and, also, as heirs and distributees, an equal share with Anna Augusta in the share intended for her. No case, we think, can be found, which would justify upholding a part of a will, when by so doing it would produce such manifest injustice."

For these reasons the plaintiff is entitled to judgment declaring the will void, excepting the first and sixth provisions thereof.