Mary Allen v. Lona M. Waldo and Scott Waldo.

*Bill to establish unrecorded deed destroyed by grantor.*

A bill may be filed to set up and establish an unrecorded deed which has been destroyed by the grantor therein, notwithstanding there is a remedy at law; the remedy at law not being fully adequate so long as the record title is in the grantor.

Appeal from Ingham. Submitted Oct. 19. Decided Jan. 25.

BILL to establish deed. Defendant Lona M. Waldo appeals. Reversed; bill dismissed.

*Henderson & Day* and *John C. Shields* for complainant.

*H. H. Harmon, D. Shields* and *M. V. Montgomery* for defendant appellant.

COOLEY, J. The purpose of this suit is to set up and establish a deed made by the defendant Lona M. Waldo to Jerome B. Waldo, which is said to have borne date on or about January 15, 1880, and is alleged to have been destroyed by the grantor in May following, immediately after the death of the grantee which occurred on the eighteenth day of that month. Complainant is one of the two heirs at law of Jerome B. Waldo, and the other heir is made a party defendant.

The execution of the deed, notwithstanding an attempt by the notary to deny it, and its destruction by Mrs. Waldo are practically admitted. What she contests is the delivery of the deed to the grantee. She was the wife of the grantee, and had previously received a conveyance of the land from him, and the case, as she presents it, is that the deed from herself was not delivered, and was not to be delivered to her husband if she recovered from a sickness which was upon her when she executed it. It was never placed upon record, but was deposited in a safe where papers belonging to her husband and herself were kept, and was taken from the safe by her after his death.

The record is voluminous, and is made so in the explanation of the previous relations of the parties, and the reasons for making the conveyances which passed between them. Those matters have but slight bearing upon the main fact in controversy.

It is insisted on behalf of the defense that the proper remedy is by action of ejectment; and it is not disputed that such an action might have been maintained if evidence of the delivery of the deed were adduced. But so long as the record title appeared to be in Mrs. Waldo, the remedy

at law would not be fully adequate. *Eaton v. Trowbridge* 38 Mich. 455. We do not think the record presents any serious question but that of the delivery of the deed; and when that is solved the case is disposed of.

On the argument we were not satisfied that the deed in question was ever delivered; but as the careful and pains-taking circuit judge had reached a different conclusion, we have retained the record longer than is customary for further consideration and reflection. But while not so clear and decided in our conclusions now as we should be glad to be, we are constrained to say that we think the preponderance of evidence is not with the complainant. Rejecting what-ever testimony offered by the defense which seems to us unreliable and unworthy of credit, we still think the case for the complainant is not made out; and we are therefore compelled to direct that the decree be reversed with costs of both courts, and the bill dismissed.

The other Justices concurred.