### GRAHAM *v.* FOUNTAIN *et al.*

*(Supreme Court, Special Term, New York County. June, 1888.)*

1. MORTGAGES—FORECLOSURE—PARTIES—REMAINDER-MEN—POWERS IN TRUST.
   A conveyance in trust to convey to the surviving children of the *cestui que trust* after her death, though invalid as a trust, may be upheld as a power in trust; and under 3 Rev. St. N. Y. (7th Ed.) 2191, § 96, providing that the performance of every trust power may be compelled in equity, the purchaser under foreclosure proceedings, to which the infant children of the *cestui que trust*, then living, were not parties, takes subject to their right to redeem.[1]

2. SAME—RELEASE BY REMAINDER-MEN—SURVIVING CHILDREN.
   A release by the children, during the life of the *cestui que trust*, to the purchaser, does not cure the defect in his title, since until she is actually dead it cannot be said what children will survive her.

3. JUDGMENT—AGAINST TRUSTEE—WHEN CONCLUSIVE.
   A trustee, who is made a defendant in foreclosure proceedings, is concluded by the judgment, where she appeared and defended as trustee, though she is not so described.

Action by John Graham against Gideon E. Fountain and John Morrow, to recover moneys paid on a contract to purchase certain land, it being alleged by plaintiff that defendant did not tender a marketable title. James L. Curtis and Clarissa E. Curtis, his wife, conveyed the land in question to Eliza Racey, as trustee of Clarissa E. Curtis, for life, and in trust to convey after her death to her surviving children. George Lovatt had a mortgage on the land, and after the execution of the trust deed brought an action to foreclose. The children then living were not made parties, and defendants purchased at the foreclosure sale. The children afterwards, and during the life of their mother, executed a release to defendant. 3 Rev. St. N. Y. (7th Ed.) 2191, § 96, provides that the performance of every trust power may be compelled in equity.

*Hays & Greenbaum*, for plaintiff. *Hooper C. Van Vorst*, for defendants.

---

[1] As to who are necessary parties to a foreclosure suit, see Bank v. Paper Co., (N. J.) 15 Atl. Rep. 388; Merritt v. Daffin, (Fla.) 4 South. Rep. 806, and note.

INGRAHAM, J.   There is, I think, no doubt that the deed from James L. Curtis and Clarissa E. Curtis, his wife, the parties of the first part, to Eliza Racey, as trustee of the said Clarissa E. Curtis, party of the second part, created a valid trust for the life of Clarissa E. Curtis, and that the trustee became vested with the legal title to the property conveyed, during the continuance of the trust; that the further trust contained in the deed to convey the property on the death of Clarissa E. Curtis was void as a trust, but valid as a power in trust; and that the legal title to the estate in remainder vested in Clarissa E. Curtis, the grantor.   It is also clear that the judgment entered in the foreclosure action, brought to foreclose the Lovatt mortgage, was binding upon Eliza Racey as trustee.   She was a party to the action, appeared in the action, and interposed an answer, setting up her deed of trust, and claimed to hold the property as trustee under that deed.   She was thus before the court as trustee, and, whether or not she was described in the action as a trustee or not, the judgment was binding upon her as trustee.

The serious question in the case is whether or not the infant children of Clarissa E. Curtis, living at the time of the commencement of the foreclosure action, were necessary parties to that action.   As before stated, the trust to convey the said lands in fee-simple to the children of the said Clarissa living at her decease, and the surviving children of such of them as may then be dead, was not valid as an express trust.   It was, however, valid, as a power in trust, and under section 96 of the statute of powers its performance could be compelled in equity for the benefit of the parties interested.   The parties interested would be the children of Clarissa E. Curtis living at her decease, and the surviving children of such of them as may be dead, and on her decease they would have the right to compel a performance of that trust by the decree of a court of equity.   The decree in the foreclosure case would be no defense to such an action, because they were not parties to that action; and, having obtained a conveyance from the trustee to them as an execution of the power, I can see no reason why they would not be entitled to maintain an action to redeem the mortgage foreclosed.   The case of *Williamson* v. *Field*, 2 Sandf. Ch. 562, presented a similar question, and in that case it is held: "The direction that the trustees are to convey the property to the issue of Clark, living at his death, in no way affects the point.   The issue would be deemed, in equity, as having the whole interest after the death of Clark, without any regard to the conveyance of the legal title."   And in *Lockman* v. *Reilly*, 95 N. Y. 70, it was held that a person having a direct estate or interest, legal or equitable, in the land as land, must be made a party to the action, so as to be bound by the judgment therein.   At page 69 the court say: "There is no question about the general rule that where the equity of redemption has been sold or devised, and becomes divided into particular estates and remainders, the owners of these estates should be parties to the action to foreclose the mortgage, and, when the equity of redemption has been vested in trustees for the benefit of others, the *cestuis que trustent*, as well as the trustees, should be parties."   I think, therefore, that the infant children of Mrs. Curtis were necessary parties to the action to foreclose the mortgage, and that the conveyance given under the decree in that action did not give to the grantee a marketable title.   Nor did the release from the children of Clarissa E. Curtis make a good title.   The persons in whom the right to enforce the power in equity would vest on the decease of Clarissa would be the children living at her decease, and the surviving children of such of them as may then be dead. It was impossible to say who would be her surviving children on her decease until she was actually dead; and, as she was still living at the time the contract in question was to be performed, the defendant did not tender to the plaintiff a marketable title.   In the case of *Church Home* v. *Thompson*, 108 N. Y. 619, 15 N. E. Rep. 193, it was held "that in an action to recover damages for the breach of a contract to convey, if there was a reasonable doubt

as to the vendor's title, such as to affect the value of the property, or to interfere with the sale of the land to a reasonable purchaser, the plaintiff's cause of action would be sustained; and this rule obtains as well where the vendee sues to recover back the price paid as where the vendor sues to compel performance." And although the burden is on the plaintiff to prove that the title tendered was not a marketable title, on such proof the plaintiff is entitled to recover. Plaintiff is therefore entitled to judgment, with costs.