## CASGRAIN v. HAMMOND.

1. PERPETUITIES—SUSPENSION OF ALIENATION—LIVES IN BEING.
   By reason of the statute against perpetuities (3 Comp. Laws, §§ 8796, 8797), a suspension of the power of alienation not based on lives is void; and the power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed.

2. TRUSTS — SUSPENSION OF ALIENATION — TERM NOT BASED ON LIVES.
   A conveyance of lands in trust for 14 years and during the life of the grantor, to be distributed at the expiration of the trust among certain persons or the survivor or survivors of them, suspends the power of alienation in a manner not based on lives, and is therefore void.

3. SAME—DISTRIBUTION OF ESTATE.
   Where land is conveyed to a trustee under a trust which is void, on the death of the grantor the land should be distributed under the statute.

4. EQUITY JURISDICTION—BILL TO QUIET TITLE—POSSESSION.
   Equity has jurisdiction to set aside a conveyance of lands in trust which is void under the statute against perpetuities, upon the complaint of an heir, although he is not in possession.

Appeal from Wayne; Hosmer, J. Submitted June 2, 1903. (Docket No. 8.) Decided September 22, 1903.

Bill by Annie H. Casgrain and George H. Lee, an infant, by Gilbert W. Lee, his next friend, against Charles F. Hammond, Florence P. Hammond, William J. Hammond, Edward P. Hammond, an infant, by guardian *ad litem*, and George H. Hammond, to set aside a trust deed. From an order overruling a demurrer to the bill, defendants Charles F., William J., and Edward P. Hammond appeal. Affirmed.

*Brennan, Donnelly & Van De Mark*, for complainants.

*Thomas A. E. Weadock*, for appellants.

MOORE, J. This proceeding was commenced in chancery by filing a bill of complaint, some portions of which read as follows:

"That during her lifetime Ellen Hammond, now deceased, of the city of Detroit, Wayne county, Michigan, acquired the title in fee and was the owner" of real estate, which is described in the bill of complaint, "upon which said described lands and premises the said Ellen Hammond caused to be constructed a building costing * * * upwards of seven hundred thousand dollars, * * * and was at the time of the death of said Ellen Hammond, and now is, of the value of upwards of one million of dollars.

"That on the 20th day of February, A. D. 1898, the said Ellen Hammond died intestate, leaving no last will, and subsequently William J. Hammond and your oratrix, Annie H. Casgrain, were appointed administrators of the estate, and duly entered upon the performance of their duties as such administrators; that the estate of the said Ellen Hammond has never been closed, nor have the administrators filled their final account or been discharged.

"That the said Ellen Hammond left as her heirs at law George H. Hammond, Charles F. Hammond, William J. Hammond, Florence P. Hammond, Ethel K. Hammond, Edward P. Hammond, and your oratrix, Annie H. Casgrain, all children of the said Ellen Hammond, and your orator, George H. Lee, grandchild of the said Ellen Hammond, being a son of Sarah Hammond Lee, who had intermarried with Gilbert W. Lee, and had died prior to the death of Ellen Hammond; and the said heirs at law became entitled in equal proportions to all of the estate of Ellen Hammond, share and share alike. * * *

"That on or about the 12th day of September, A. D. 1895, the said Ellen Hammond executed to Charles F. Hammond, one of the above-named heirs at law, a warranty deed in form of the lands and premises above described, in which deed the said Charles F. Hammond is described as trustee, and in which said deed the consideration for the conveyance is stated as the sum of one dollar and other considerations, * * * which deed was re-

corded in the office of the register of deeds for the county of Wayne on the 1st day of October, 1895;   *   *   *   and your orators show that, by reason of the recording of said deed as aforesaid in the public records in the office of the register of deeds of Wayne county, the title in fee to said lands appears to be in the said Charles F. Hammond.
*   *   *

"Your orators further allege that they are informed and verily believe, and therefore charge the truth to be, that it was not the intention of the said Ellen Hammond, deceased, to vest the title in fee of the said lands and premises in the said Charles F. Hammond, trustee, and they are informed and believe, and charge the truth to be, that on the same date, and simultaneously with the execution of the said deed to Charles F. Hammond, trustee, by the said Ellen Hammond, the said Charles F. Hammond executed and delivered an instrument in writing, duly acknowledged and witnessed, so that the same was entitled to be recorded in the office of the register of deeds for the county of Wayne under the strict requirements of the law with reference thereto, which said instrument in writing is denominated a 'declaration of trust,' by the terms of which the said Charles F. Hammond did thereby declare, as grantee and trustee in the deed named aforesaid, that he received and held the title to the same property in trust for the purposes in said declaration of trust named, that is to say, to let, lease, manage, and control the property according to his best judgment, so as to yield as large an income as possible, and, after paying and discharging the taxes and repairs thereon and expenses in the care and management, to account and pay over to the said Ellen Hammond, during the term of her natural life, the net income derived therefrom at such times as she might desire for her use and maintenance, and, should the said Ellen Hammond die before the expiration of the period of fourteen years from the execution of the trust, then the said net income was to be divided and paid in equal proportions by the said Charles F. Hammond to William J. Hammond, Florence P. Hammond, Ethel K. Hammond, Edward P. Hammond, and the said Charles F. Hammond, and that, at the expiration of the term of the trust created thereby, he should convey the lands and premises in question to William J. Hammond, Florence P. Hammond, Ethel K. Hammond, Edward P. Hammond, and the said Charles F. Hammond, or to the survivor or sur-

vivors of them, in equal undivided shares, and that the interest of any one or more of the persons named, to wit, Charles F. Hammond, William J. Hammond, Florence P. Hammond, Ethel K. Hammond, and Edward P. Hammond, who may decease before the expiration of the trust hereby created, shall pass to and be conveyed to the survivor or survivors of the persons above named, and shall not pass to the heirs or assigns of any one of them who may decease; that the trust hereby created should continue until the decease of the said Ellen Hammond, and, should she decease before the expiration of fourteen years from the date thereof,—that is to say, on or before the 12th day of September, A. D. 1909,—then the said trust should continue until the expiration of the fourteen years from the date of said instrument, and in that event terminate at the end of fourteen years from the date thereof. * * *

"That the said declaration of trust has never been recorded, so that the records of the title to the said lands and premises do not disclose the correct nature and extent of the title which the said Charles F. Hammond has in the lands and premises aforesaid; and your orators are informed and believe, and therefore charge the fact to be, that the said declaration of trust is now in the actual possession of the said Charles F. Hammond, trustee. * * *

"Your orators further show unto the court that the said declaration of trust and the said warranty deed in truth and in fact constitute one instrument, and together show the intent and purpose with which the said Ellen Hammond, deceased, conveyed the title of the lands and premises hereinbefore described to the said Charles F. Hammond, trustee, and she is entitled to have this court so declare; that by the terms thereof the said Ellen Hammond attempted to convey the said lands and premises to the said Charles F. Hammond, trustee, for uses and purposes and upon terms and conditions in violation of law, and especially in violation of the provisions of the statute of this State more specifically described as compiler's sections 8796 and 8797 of the Compiled Laws of Michigan for 1897, being sections 14 and 15 of chapter 237 of said Compiled Laws, pertaining to real property and of the nature and qualities of the estates in real property and the alienation thereof. * * *

"That, immediately upon the death of the said Ellen Hammond, your orators, equally with the other heirs of the

said Ellen Hammond, each inherited and became by right the owners in fee of an undivided interest in the said lands and premises by inheritance, that is to say, each an undivided one-eighth thereof; and each of the said heirs of the said Ellen Hammond also became the owners in fee of an undivided one-eighth interest thereof by inheritance, and as such became entitled to have and receive from time to time, as the same accrued, a like proportion of the rents and profits arising therefrom.   *   *   *

"Your orators further show that George H. Hammond died intestate in the city of Detroit in the year 1886, leaving a large estate, consisting of real and personal property, which estate was afterwards administered in the probate court for the county of Wayne; that the administration thereof has never been closed, and a large part of the real estate thereof has never been partitioned and distributed; that, as one or the distributees of the estate of said George H. Hammond, the said Ellen Hammond received, on account of her share or interest therein, personal property, which, converted into money, amounted to about one million dollars; that the other distributees of said estate and heirs of the said George H. Hammond were George H. Hammond; Annie H. Casgrain, your oratrix; Sarah Hammond Lee, now deceased, and of whom your orator, George H. Lee, is the sole heir, as hereinbefore referred to; Charles F. Hammond; William J. Hammond; Florence P. Hammond; Ethel K. Hammond, since deceased; and Edward P. Hammond.

"That, after the death of said George H. Hammond, the said Ellen Hammond was duly appointed the guardian of the persons and estates of William J. Hammond, Charles F. Hammond, Florence P. Hammond, Ethel K. Hammond, and Edward P. Hammond, who were at the time minors and infants under the age of twenty-one years, and as such guardian the said Ellen Hammond received into her possession and had control of a large amount of money and personal property of each of the said infants, which was inherited by them from George H. Hammond, deceased, and was distributed to them as heirs of his estate; that, as your orators are informed and believe, when the said Ellen Hammond purchased the land and premises hereinbefore described, and erected the building thereon, the said Charles F. Hammond, William J. Hammond, Florence P. Hammond, Ethel K. Hammond, and Edward P. Hammond were still minors, in-

fants under the age of twenty-one years, and the said Ellen Hammond was still guardian of their persons and estates, and had the control and custody of their property; that the said Charles F. Hammond claims, and your orators are informed and verily believe and charge the truth to be, the said Ellen Hammond, without any authority from the probate court for the county of Wayne, or any other court of competent jurisdiction, and without the authority of law, did borrow and use certain of the moneys belonging to the estates of each of said infants, and used the same, with a large amount of her own money, paying for the property and building aforesaid; that is to say, that she used of the money and property of the said William J. Hammond the sum of fifty thousand dollars, of the said Charles F. Hammond the sum of fifty thousand dollars, of the said Florence P. Hammond the sum of one hundred and twelve thousand dollars, of the said Ethel K. Hammond the sum of one hundred and sixteen thousand dollars, and of the said Edward P. Hammond the sum of one hundred and twelve thousand dollars; that your orators have no means of knowing the exact amounts of said infants' estates borrowed by said Ellen Hammond; that in the purchase of said property and erection of said building the said Ellen Hammond used, as your orators are informed and believe, and therefore allege as true, of her own money, the sum of seven hundred and fifty thousand dollars, in addition to the sums borrowed from the estates of said infants.

" That, at the time of the death of the said Ellen Hammond, the said Florence P. Hammond, Ethel K. Hammond, and said Edward P. Hammond were infants and were under the age of twenty-one years, and the said Charles F. Hammond, who had arrived at the age of twenty-one years and upwards, succeeded the said Ellen Hammond as guardian of the persons and estates of the said three last-named infants; that the estates of the said Florence P. Hammond, Ethel K. Hammond, and Edward P. Hammond, infants as aforesaid, have never been closed, nor has the estate of the said Ellen Hammond, deceased, ever been closed, or her accounts as guardian of the respective infants or of their estates ever been filed, settled, and allowed, nor have the accounts of said Charles F. Hammond as guardian ever been filed, settled, and allowed.

"And your orators further allege that the said Charles

F. Hammond now pretends and claims that by reason of the premises, and the use of the said several sums of money belonging to the said infants by their guardian, the said Ellen Hammond, deceased, in connection with her own moneys, in paying for the property aforesaid, the said Florence P. Hammond and the estate of said Ethel K. Hammond, now deceased, as hereinbefore stated, and the said Edward P. Hammond and the said Charles F. Hammond and William J. Hammond are each entitled to have a lien upon the premises and building aforesaid for the amounts aforesaid, respectively.

"Your orators do not deny that the several sums of money respectively hereinbefore set forth belonging to the estates of the said several infants, and used by the said Ellen Hammond for the purposes aforesaid, should be accounted for by the estate of the said Ellen Hammond, nor do they deny that they are entitled to have the same paid. On the contrary, your orators admit that the said Charles F. Hammond, William J. Hammond, Florence P. Hammond, Ethel K. Hammond, and Edward P. Hammond are entitled to protection to the extent of the amounts of money belonging to their said estates, respectively, out of the estate of the said Ellen Hammond, deceased, generally, or, if this court may so direct, that each of them may have a special or equitable lien upon the premises hereinbefore described as security for the same; and your orators admit that the said defendants are entitled to an accounting as to the same, and that they are entitled to have this court find and determine the amount thereof.

"That the estate of the said Ellen Hammond is amply sufficient to repay to the said infants the sums aforesaid, when the same shall be proved according to law.

"That your orators are informed and believe that the moneys belonging to the estates of the said infants so used by the said Ellen Hammond in the acquisition of the premises and the construction of the building aforesaid are those referred to in the declaration of trust hereinbefore referred to, a copy of which is hereto attached, and which the said infants are required to receipt in full for and to release and discharge the estate of the said Ellen Hammond from, as set forth in the said declaration of trust, before said Charles F. Hammond, the trustee, shall convey to them, or any of them, any interest in or share of the said premises.

"And your orators allege that, notwithstanding the said claims of said Charles F. Hammond as to the use of said moneys of said infants by said Ellen Hammond in part payment of the cost of said property, your orators are entitled to have said trust deed declared unlawful and invalid, and the said Charles F. Hammond is not entitled to have and retain the rents and profits of said premises, as he now claims and is doing."

The bill prays that the two instruments may be decreed to be invalid, and for an accounting of the rents and profits, with a general prayer for relief.

Florence P. Hammond filed an answer in the nature of a cross-bill, and asks the court to pass upon the validity of the trust settlement, and that there may be an accounting as to the amount due her from the estate of Ellen Hammond for money used in the construction of the building belonging to her. The other defendants demurred to the bill. From an order overruling the demurrer, those defendants have appealed.

A sufficient statement of the contents of the deed from Mrs. Hammond to Charles F. Hammond, trustee, dated September 12, 1895, has already appeared. On the same day there was signed and executed by Charles F. Hammond and Ellen Hammond a paper called a " declaration of trust," the material parts of which read as follows:

" *Whereas*, Ellen Hammond, of Detroit, Wayne county, Michigan, as party of the first part, has this day executed and delivered to Charles F. Hammond, as trustee, by conveyance in the form of a warranty deed, the following described premises, to wit, * * * for the consideration of one dollar and other valuable considerations, expressed therein. Now, I, the said Charles F. Hammond, grantee and trustee named in the said deed, do hereby declare the nature and purposes of the trust for which conveyance was made to me to be as follows:

" 1. I am to let, lease, manage, and control said property as shall seem best in my judgment, so as to yield as large an income as possible, and, after paying and discharging all taxes assessed against the same, and repairs to the building situate thereon, and expenses of care and management, account for and pay to the said Ellen Hammond,

for and during the term of her natural life, the net income derived therefrom at such times as she may desire for her use and maintenance.

"2. Should the said Ellen Hammond decease before the expiration of the trust created hereby, then the net income aforesaid is to be divided and paid in equal proportions by second party to Charles F. Hammond, William J. Hammond, Florence P. Hammond, Ethel K. Hammond, and Edward P. Hammond, or the survivor of them, until such expiration.

"3. At the expiration of the trust created hereby, I (Charles F. Hammond) am to convey by proper conveyance to the said Charles F. Hammond, William J. Hammond, Florence P. Hammond, Ethel K. Hammond, and Edward P. Hammond, or the survivor or survivors of them, the premises above described, in equal undivided shares. The interest of any one or more of the persons named, to wit, Charles F. Hammond, William J. Hammond, Florence P. Hammond, Ethel K. Hammond, and Edward P. Hammond, who may decease before the expiration of the trust created hereby, shall pass to and be conveyed to the survivor or survivors of the persons above named, and shall not pass to the heirs or assigns of any one of them who may decease.

"4. The trust created hereby by said conveyance shall continue until the decease of the said Ellen Hammond, and, should she decease before the expiration of fourteen years from the date hereof, then the said trust shall continue until the expiration of the fourteen years from this date, and in that event terminate at the end of fourteen [years from the date hereof. Should the said Ellen Hammond survive the period of fourteen years from this date, the trust created hereby shall terminate at her decease.

"The conveyance so made is to satisfy and cancel any and all claims that either said Charles F. Hammond, William J. Hammond, Florence P. Hammond, Ethel K. Hammond, and Edward P. Hammond may have against said Ellen Hammond for moneys received by her as guardian, to the extent that she has invested such funds in the property above described for them severally or their estates; and, before they or any of them shall receive the conveyance of the interest provided hereby to be conveyed to them at the expiration of the trust hereby created, they shall each execute and deliver to said Ellen Hammond's legal representative proper releases and discharges of any and all such claims against her and her estate."

On the part of Charles F. Hammond it is said he may take either of three positions:

"*First.* He may insist that the deed conveys the property to him absolutely, for a sufficient consideration, and neither the complainants nor any other heir of Ellen Hammond would have any claim upon it; or,

" *Second.* That if the trust agreement, so called, is a part of the original conveyance, and the two instruments are to be treated as one, and the trust limitations should fail, in that event the legal title vests at once in the *cestuis que trustent*, free from any limitation; or,

" *Third.* That the conveyance and trust agreement, considered together, make but one instrument, and the trust is legal, and binding upon all the world."

On the part of the complainants it is insisted the trust sought to be established must fail, as in conflict with the following provisions of the statute:

3 Comp. Laws, § 8796 (14). "Every future estate shall be void in its creation which shall suspend the absolute power of alienation for a longer period than is prescribed in this chapter. Such power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed."

3 Comp. Laws, § 8797 (15). "The absolute power of alienation shall not be suspended by any limitation or condition whatever for a longer period than during the continuance of two lives in being at the creation of the estate, except in the single case mentioned in the next section."

It is also claimed the following sections bear upon the controversy:

3 Comp. Laws, § 8844. "Every express trust, valid as such in its creation, except as herein otherwise provided, shall vest the whole estate in the trustees, in law and in equity, subject only to the execution of the trust; and the person for whose benefit the trust was created shall take no estate or interest in the lands, but may enforce the performance of the trust in equity. "

3 Comp Laws, § 8795, is as follows:

" Future estates are either vested or contingent: They are vested when there is a person in being who would

have an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate; they are contingent whilst the person to whom or the event upon which they are limited to take effect remains uncertain."

New York has had a statute similar to sections 8796, 8797, 3 Comp. Laws, which has been construed a good many times. The effect of these decisions is that a suspension of the power of alienation not based on lives is void, and that the power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed. See *Moore* v. *Moore*, 47 Barb. 260; *Garvey* v. *McDevitt*, 72 N. Y. 556; *Rice* v. *Barrett*, 102 N. Y. 161 (6 N. E. 898); *Cruikshank* v. *Home for Friendless*, 113 N. Y. 337 (21 N. E. 64, 4 L. R. A. 140); *Haynes* v. *Sherman*, 117 N. Y. 433 (22 N. E. 938); *People* v. *Simonson*, 126 N. Y. 299 (27 N. E. 380); *Booth* v. *Baptist Church*, 126 N. Y. 215 (28 N. E. 238); *Trowbridge* v. *Metcalf*, (Sup.) 39 N. Y. Supp. 243.

Our own statute has been construed by this court in *Trufant* v. *Nunneley*, 106 Mich. 554 (64 N. W. 469), in which it was held that, if effect was given to certain provisions in the will, there would be a time during which there would be no person or persons in whom the estate could vest in fee simple absolute, hence no person in being who could convey, and that this will in that regard was void, and, as to the property affected by the void will, it must be distributed under the statute.

In *State* v. *Holmes*, 115 Mich. 456 (73 N. W. 548), Justice GRANT, speaking for the court, said:

" The law of this State in regard to estates in possession and in expectancy is found in 2 How. Stat. § 5523 *et seq.* The provisions controlling this case are sections 5530 and 5531, which read as follows:

" 'Every future estate shall be void in its creation which shall suspend the absolute power of alienation for a longer period than is prescribed in this chapter.  Such power of alienation is suspended

when there are no persons in being by whom an absolute fee in possession can be conveyed.

"'The absolute power of alienation shall not be suspended by any limitation or condition whatever for a longer period than during the continuance of two lives in being at the creation of the estate, except in the single case mentioned in the next section.'

"This statute was adopted in the State of New York in 1830. It was subsequently adopted in this State *verbatim et literatim*, and is found in the Revised Statutes of 1846. The construction placed upon this statute by the courts of that State has a controlling influence, and courts will presume that the legislature recognized and accepted such construction. *Greiner* v. *Klein*, 28 Mich. 12. The court of appeals of New York had passed upon this statute several times before its adoption here. *Coster* v. *Lorillard*, 14 Wend. 265, 312; *Hawley* v. *James*, 16 Wend. 61; *Hone* v. *Van Schaick*, 7 Paige, 231; *Irving* v. *DeKay*, 9 Paige, 529. It has been before that court many times since. *Yates* v. *Yates*, 9 Barb. 324, 347; *Tayloe* v. *Gould*, 10 Barb. 398; *Tucker* v. *Tucker*, 5 N. Y. 417; *Rose* v. *Rose*, 4 Abb. Dec. 108; *Moore* v. *Moore*, 47 Barb. 260; *Garvey* v. *McDevitt*, 72 N. Y. 556; *Rice* v. *Barrett*, 102 N. Y. 161 (6 N. E. 898); *Cruikshank* v. *Home for Friendless*, 113 N. Y. 337 (21 N. E. 64, 4 L. R. A. 140); *Haynes* v. *Sherman*, 117 N. Y. 433 (22 N. E. 938); *People* v. *Simonson*, 126 N. Y. 299 (27 N. E. 380); *Booth* v. *Baptist Church*, 126 N. Y. 215 (28 N. E. 238); *Trowbridge* v. *Metcalf*, (Sup.) 39 N. Y. Supp. 243.

"The rule established by these authorities is that a suspension of the power of alienation not based on lives is void, and that the power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed. It is said in *Moore* v. *Moore:*

"'In all the adjudicated cases upon this statute the courts have uniformly held that the period of suspension of alienation could not be measured by time alone; that life must, in some form, be the measure of the period of suspension.'

"In that case suspension was for three years. In *Rose* v. *Rose* it was for five years.

"Tested by this rule, the devise must fail. There are no persons in being who can convey an absolute fee in this land. If all the parties mentioned should now unite in a conveyance, the grantee would take only a life estate. The widow has only that interest to convey. The State

has nothing to convey, for it has no interest until the conditions are accepted. The grandson has nothing to convey, and cannot have until the State refuses or neglects to accept the condition. The title to the land is left ' swing-- ing in abeyance,' without protection, owner, or abiding place. A squatter might take possession, and no one could eject him. It is not exempt from taxation, because the State does not own it. It cannot be assessed to the grandson after the death of the widow, because he does not own it. This condition of things may exist for five years. It therefore violates the statute, and is void."

Inasmuch as the defendants have demurred to the bill of complaint, which avers the recorded deed and the declaration of trust constitute but one transaction, for the purposes of this controversy it must be so considered. The important question, then, is whether the effect of the two papers is to suspend the power of alienation for a period of time not based on lives. It is insisted by the defendants that there were always persons in being in whom the title vested, and who could have joined in a deed and conveyed the fee, and that the answer to the question should be no. Counsel cite *Caspari* v. *Cutcheon,* 110 Mich. 89 (67 N. W. 1093), *Toms* v. *Williams,* 41 Mich. 552, and *Torpy* v. *Betts,* 123 Mich. 243 (81 N. W. 1094). In the *Caspari Case* it was conceded by counsel that they did not regard the trust void because of the statute against perpetuities, and that question was not in the case. In the *Toms Case* it was held that the application of rules against perpetuities depends on whether the interest devised is vested or not. What was said in that case is not controlling in this one. A reference to *Torpy* v. *Betts* will also show it is not controlling in this case.

Can the trustee and the *cestuis que trustent* join in a deed, and thereby give a good title? Now that Mrs. Hammond is dead, the trustee is not authorized by the declaration of trust to convey to anybody until 14 years from the date of the declaration of trust, and it is his duty to retain control of the property during all of that time. At the expiration of the 14 years it is made his duty to

make a conveyance, not to all the *cestuis que trustent* named in the declaration of trust and their heirs and assigns, but it is expressly provided that, should any of them die during the 14 years, no title shall pass to the heirs and assigns of the deceased one. The conveyance to be made by the trustee is to be made to such of the *cestuis que trustent* as are living at the end of the 14 years. Suppose one of them should today make a deed of his interest in the premises, and should die before the expiration of the 14 years, what title would his grantee get? Clearly nothing, for no title would ever come to the grantor. What is true of one is true of each of the others. Whether any of them will ever have any title to the property will depend upon whether they live until the expiration of the 14 years. It would seem to be very clear that, by the terms of the trust, no one is authorized to convey a title in fee until the 14 years has expired. This, we think, brings it clearly within the provisions of the statute.

The trust, then, having failed, it would be contrary to the purpose of Mrs. Hammond to allow the warranty deed to stand. It is clear she had no intention of conveying the title in fee to this large amount of property to Charles F. Hammond for his sole benefit. It is equally clear she did not intend to vest the title in fee presently in the persons named in the declaration of trust. We think it follows that both deeds fail, and the estate attempted to be conveyed thereby must be regarded as belonging to the estate of Ellen Hammond, and be distributed under the statute. *Trufant* v. *Nunneley,* 106 Mich. 554 (64 N. W. 469); *Wheelock* v. *American Tract Society,* 109 Mich. 141 (66 N. W. 955, 63 Am. St. Rep. 578); *St. Amour* v. *Rivard,* 2 Mich. 294; *Coster* v. *Lorillard,* 14 Wend. 265; *Ahern* v. *Ahern,* (Sup.) 65 N. Y. Supp. 81.

In *Tregonwell* v. *Sydenham,* 3 Dow, 194, it is said:

"Wherever land, or any interest in land, which would descend to the heir at law, is devised for purposes which the law will not permit to take effect, the heir at law shall have the benefit of the interest so devised as undisposed of,

whether the testator intended that he should have it or not; for there is this distinction between the case of a devisee and that of an heir at law: That the devisee takes by force of the intent of the testator, and can only take what is given him by the will; whereas the heir at law takes whatever is undisposed of, not by force of the intent, but by the rule of law."

See *Andrews* v. *Lincoln*, 95 Me. 541 (50 Atl. 898); Gray, Perp. § 413; Bigelow, Eq. 17; *Jenkins* v. *University*, 17 Wash. 160 (49 Pac. 247, 50 Pac. 785); *Greene* v. *Dennis*, 6 Conn. 293 (16 Am. Dec. 58); *Van Kleeck* v. *Reformed Dutch Church*, 6 Paige, 600; *Post* v. *Hover*, 33 N. Y. 593; *La Farge* v. *Brown*, (Sup.) 52 N. Y. Supp. 93; *Lawrence* v. *Smith*, 163 Ill. 149 (45 N. E. 259); *Thomas* v. *Gregg*, 76 Md. 169; *Tilden* v. *Green*, 130 N. Y. 29 (28 N. E. 880, 14 L. R. A. 33, 27 Am. St. Rep. 487).

The remaining question calling for consideration is, Will chancery take jurisdiction of this case? In *Davenport* v. *Stephens*, 95 Wis. 456 (70 N. W. 661), it was said:

"Some question was raised whether the plaintiff has shown such possession as should entitle her to maintain this action. It is entirely immaterial whether she was in actual possession or not. No other person was in the actual possession. One who has the legal title to land, whether in possession or not, may maintain an action in equity to remove a cloud of title upon his land, where the invalidity of the hostile claim cannot be shown by any record, but must be proved by evidence *aliunde*. *Pier* v. *City of Fond du Lac*, 38 Wis. 470; *Goodell* v. *Blumer*, 41 Wis. 436; *Herren* v. *Strong*, 62 Wis. 223 (22 N. W. 408). In this case the invalidity of the defendant's claim could be shown only by evidence *dehors* the record. Section 3186, Rev. Stat. [1878], extends, rather than limits, the jurisdiction of the courts in the cases to which it is applicable. *Fox* v. *Williams*, 92 Wis. 320 (66 N. W. 357)."

See *Chautauque County Bank* v. *White*, 6 Barb., at page 605; *Beedle* v. *Mead*, 81 Mo. 297; 1 Comp. Laws, § 448; *Rowland* v. *Doty*, Har. Ch. (Mich.) 3; *Ormsby* v. *Barr*, 22 Mich. 80; *King* v. *Carpenter*, 37 Mich. 363;

*Eaton* v. *Trowbridge,* 38 Mich. 454; *Allen* v. *Waldo,* 47 Mich. 516 (11 N. W. 366); *Cleland* v. *Casgrain,* 92 Mich. 139 (52 N. W. 460).

The decree of the court below is affirmed. Defendants will be allowed 30 days in which to answer.

The other Justices concurred.